

**FILED**
May 05, 2023 01:39 PM
ST-2012-CV-00273
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO, | ) | Case No. ST-2012-CV-00273 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ACTION FOR DECLARATORY** |
| | ) | **JUDGMENT, BREACH OF** |
| | ) | **CONTRACT, IMPAIRMENT OF** |
| HARTHMAN LEASING III, LLLP, | ) | **SECURITY INTEREST, AND** |
| | ) | **UNJUST ENRICHMENT** |
| Defendant. | ) | |
| | ) | |

Cite as 2023 VI Super 23U

### MEMORANDUM OPINION

**THIS MATTER** is before the Court on Harthman Leasing III, LLLP's ("Harthman" or "Defendant") Praecipe,[1] FirstBank Puerto Rico's ("FirstBank" or "Plaintiff") Response to Praecipe filed by Harthman, and FirstBank's Emergency Motion to Quash Amended Writ of Execution, which is fully briefed.[2] For the reasons set forth herein, the Court will deny FirstBank's motion to quash and allow the Marshal to enforce the Judgment.

### BACKGROUND FACTS AND PROCEDURAL POSTURE

This dispute dates back to a 2003 lease agreement, entered into by Harthman and East End Plaza ("EEP"), wherein EEP agreed to rent Parcel 17-B, Estate Smith Bay, St. Thomas, Virgin

---

[1] Harthman filed its original Praecipe and a proposed Writ of Execution on January 13, 2023, and an Amended Praecipe and a proposed Amended Writ of Execution on January 23, 2023. Harthman filed a Notice of Second Amended Writ of Execution on January 26, 2023.

[2] FirstBank's Motion to Quash was filed on January 26, 2023, Harthman's Combined Opposition to FirstBank's Response to Praecipe and Emergency Motion to Quash was filed February 12, 2023, and FirstBank's Reply to Harthman's Combined Opposition was filed on February 27, 2023.

Islands. The parties later added Parcels 17-C and 17-D to the agreement. EEP obtained a construction loan from FirstBank, which granted FirstBank priority assignment of the lease as security for repayment. Harthman consented to the arrangement in an agreement which stated, in part, that in the event of EEP's default, FirstBank would become liable for EEP's obligations under the lease. EEP ultimately defaulted on repayment, and FirstBank and EEP entered a Multi-Credit Settlement Agreement and Assignment of Lease in Lieu of Foreclosure, such that FirstBank assumes the rights, obligations, and interest of EEP. FirstBank initiated the instant suit in 2012, seeking a declaratory judgment on the parties' rights and obligations under the lease and a finding that FirstBank was either not in default or had timely cured EEP's default. Harthman filed a counterclaim, claiming FirstBank failed to timely cure EEP's default under the lease.

The matter went to trial in 2019, where some issues were tried to the Court and some to the jury. The jury returned a verdict on July 29, 2019, awarding Harthman Six Million, Two Hundred Fifty-Seven Thousand, Two Hundred Seventy Five dollars and Thirty-Nine cents ($6,257,275.39) in damages.[3] The Court issued findings of fact and conclusions of law and entered judgment on June 4, 2021 ("Judgment"), finding that Harthman was entitled to possession of Parcels 17-B, 17-C, and 17-D, finding that Parcel 17-E never became part of the lease, and upholding the jury's damages award.[4]

---

[3] The jury's damages award included the following breakdown of $6,257,275.39 due to Harthman:

| | |
|---|---|
| Base Rent for Parcels 17-B, 17-C, and 17-D (9/2014 – 7/2019): | $3,680,755.34 |
| 12% interest from 9/2014 to 7/2019: | $1,028,409.23 |
| 5% late charges accumulated from 9/2014 go 7/2019: | $ 184,037.77 |
| Rent for Parcel 17-E until May 2012: | $1,364,073.05 |

[4] *See* Findings of Fact and Conclusions of Law, entered June 4, 2021; *see also* Judgment, entered June 4, 2021, *nunc pro tunc* July 29, 2019.

Following the Court's Judgment and the jury's verdict, FirstBank timely filed an appeal

with the Virgin Islands Supreme Court on July 6, 2021,[5] which remains pending as of the date of

this opinion. FirstBank also filed several motions with this Court.[6] This Court ruled on them in

November 2021, upholding a portion of the jury's damages award, finding FirstBank owed

Harthman Four Million, Eight Hundred Ninety-Three Thousand, Two Hundred Two dollars and

Thirty-Four cents ($4,893,202.34) ("$4.89 million") for unpaid rent, and declining to stay

execution on the Judgment pending appeal, with respect to the $4.89 million due to Harthman.[7]

On December 1, 2021, FirstBank requested the Virgin Islands Supreme Court stay Harthman's

execution on the $4.89 million verdict, which remains pending.[8] In the interim, the Supreme Court

---

[5] Harthman also filed a Cross-Appeal on July 20, 2021.

[6] Following this Court's June 4, 2021, entry of Judgment, FirstBank filed a Motion for New Trial and to Amend Judgment, a Motion to Stay June 4, 2021 Order, a Renewed Motion for Judgment as a Matter of Law, and a Motion to Stay Execution & Enforcement of Judgment.

[7] *See* Memorandum Opinion – Motion to Stay Enforcement of Judgment, entered on November 2, 2021. Therein, the Court performed the four-part test for a motion to stay, "(1) whether the litigant has made a strong showing that he is likely to succeed on the merits (2) whether the litigant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings and (4) where the public interest lies." *Suid v. Law Office of Karin A. Bentz*, No. 2020-0017, 2021 WL 915928, at *1 (V.I. Feb. 19, 2021). In that analysis, the Court found that (1) FirstBank was unlikely to prevail on the merits because Harthman presented sufficient evidence to sustain the jury award in the amounts awarded and the Court saw no reason to disrupt such verdict; (2) FirstBank was unlikely to suffer irreparable harm with respect to the $4.89 million due, because the funds owed are already in escrow; (3) Harthman was likely to suffer as it has not been paid rent for a number of years while also not being in possession of the property; and (4) the dispute involves private commercial litigation and therefore will have little impact on the public interest. As such, the Court denied FirstBank's request for a stay of execution and enforcement of Judgment with respect to the jury's damages award for Parcel Nos. 17-B, 17-C, and 17-D, in the amount of $4.89 million. However, the Court did ultimately stay execution and enforcement of the damages award with respect to Parcel No. 17-E since its involvement in the lease was found to be immaterial and it is possible FirstBank may not ultimately owe such money. As such, the Court denied FirstBank's motion to stay with respect to the $4.89 million and ordered FirstBank to pay Harthman the $4.89 million within thirty (30) days of the entry of the opinion and granted FirstBank's motion to stay with the remaining amount due, specific to Parcel 17-E, and ordered FirstBank to deposit One Million, Five Hundred Thousand dollars ($1,500,00.00) into the registry of the Court pending appeal.

[8] The Motion to Stay pending in the Supreme Court is fully briefed. Harthman filed an Opposition on December 15, 2021, and FirstBank filed a reply on December 29, 2021.

has acted on several other pending issues associated with the appeal to the instant matter.[9] FirstBank has not paid Harthman the ordered $4.89 million.

On January 13, 2023, Harthman filed a Praecipe and Writ of Execution with this Court. Harthman then amended its praecipe and filed an amended writ of execution, and Clerk of the Court, through her Court Clerk, executed the Amended Writ of Execution ("Writ") on January 24, 2023. That Writ permits the Office of the V.I. Marshal ("OVIM") to execute on FirstBank's assets to collect the sum of the $4.89 million judgment from FirstBank, all in accordance with this Court's November 2021 rulings.[10]

The parties learned of the Writ's execution on January 26, 2023, at which point FirstBank filed the instant Emergency Motion to Quash as well as an emergency motion with the Supreme Court, requesting ruling on the outstanding motion to stay. FirstBank also filed the instant Response to Praecipe, noting it would be improper to allow the executed Writ to stand, as there is a pending motion to stay at the Supreme Court. On January 30, 2023, this Court reserved ruling on FirstBank's Emergency Motion to Quash, but temporarily barred OVIM from acting upon or taking any steps to execute on the Amended Writ of Execution that was issued on January 25, 2023, pending further order of this Court.[11]

On April 4, 2023, Harthman filed an Informational Motion informing the Court that the Supreme Court still had not ruled on FirstBank's December 1, 2021, motion to stay nor its January 26, 2023, emergency motion.

---

[9] Harthman notes that the Supreme Court has been active in this case in other respects, specifically stating the Supreme Court has responded to "several motions to exceed page limits, a motion to extend response times, and a motion to continue oral argument, [and] [o]n October 11, 2022, the Parties actually argued the case before the [Supreme Court]." *See* Harthman's Opposition, at pg. 3, ¶5.

[10] Specifically, the Writ of Execution requires FirstBank to pay Harthman $4,893,202.34 in accordance with the Judgment and $682,635.24 in Post-Judgment Interest calculated at 4% through January 23, 2023.

[11] *See* Order, filed January 30, 2023.

## DISCUSSION

The parties both make various arguments with respect to the status of the Writ. The Court will address each argument in turn.

### I. The Clerk of the Court Properly Executed the Writ.

FirstBank argues that it was never served with the Writ that was executed by the Clerk of the Court, and that the lack of service is in violation of Rule 5 of the Virgin Islands Rules of Civil Procedure,[12] and it only learned the Writ had been issued by looking at the docket on the Court's online filing system. Harthman counters that the Clerk of the Court acted properly and even though FirstBank was not personally served with the executed Writ, the Writ was immediately available on the Court's public docket and FirstBank learned of the Writ soon was after it was uploaded on the public docket on January 26, 2023. Harthman cites V.I. R. CIV. P. 69, which states that "A money judgment is enforced by a writ of execution, unless the court directs otherwise. All requests for issuance of writs of execution and other process for the enforcement of judgments shall be made in writing, by praecipe, to the clerk of the court for the judicial division in which the judgment was entered." As such, because no court order has "directed otherwise," Harthman claims the Clerk of the Court, through the Court Clerk, performed as required in issuing the Writ. The Court agrees.

The Court notes that V.I. R. CIV. P. 5 requires that all papers filed with the court, after the complaint, must be served on every party. The record shows that Harthman served copies of its praecipes and proposed writs of execution on FirstBank. Thus, Harthman complied with V.I. R.

---

[12] V.I. R. Civ. P. 5 states, in pertinent part, "all papers after the complaint that are filed with the court must be served on every party" unless subject to certain exceptions.

CIV. P. 5. However, V.I. R. CIV. P. 5 does not require the Clerk of the Court, or her designee, to send a copy any document for service of, e.g., a writ or a summons, to the parties. The process only requires the Clerk to execute the Writ and forward it to OVIM for service. Furthermore, there was ultimately no harm to FirstBank as it had been properly served with the praecipes and proposed writ and knew approval of the writ by the Clerk of the Court was a ministerial act. FirstBank learned of the Writ within a day of its execution and FirstBank lost no opportunity to timely oppose the execution of the Writ. As such, the Court finds no reason to invalidate the Writ on these grounds.

## II. The Court Previously Denied FirstBank's Motion to Stay Execution, and Therefore Declines to Revisit or Reverse its Decision.

FirstBank next highlights its pending Motion to Stay Enforcement of Judgment with the Virgin Islands Supreme Court, which endeavors to stay enforcement of the Judgment for which the Writ was issued. As such, FirstBank claims it was improper for the Clerk to execute a writ which would divest the Supreme Court of its jurisdiction. FirstBank likens the instant matter to *Diamond Crest, Limited v. FNA Service Station, Inc.*, in which the Clerk of the Superior Court prepared but did not execute a writ of restitution because Defendants' motions were pending. *Diamond Crest, Ltd. v. FNA Serv. Station, Inc.*, No. ST-01-CV-591, 2006 WL 8418818, at \*1 (V.I. Super. Ct. June 14, 2006). However, this Court cannot rely upon that case, as it does not quote the then existing rule regarding motions to stay enforcement of a judgment, and it was decided before the establishment of the V.I. Supreme Court in November 2006, and many years before the adoption of the Virgin Islands Rules of Appellate Procedure in 2017.

The Court notes that FirstBank claims Rule 8 of the Virgin Islands Rules of Appellate Procedure specifically addresses motions to stay filed directly with the Supreme Court, such that this Court must quash the executed Writ. Harthman counters that FirstBank failed to support its claim that this Court has jurisdiction to halt execution of the Writ. Indeed, Harthman claims, if writs of execution were to be automatically stayed during appeal, as FirstBank contends pursuant to *Diamond Crest, Ltd.*, then there would be no reason for V.I. R. APP. P. 8.

FirstBank also notes that V.I. R. APP. P. 8 "specifically contemplates the filing of motions to stay the enforcement of a judgment directly with the Supreme Court," so FirstBank should be afforded a ruling on the pending motion to stay, which requires this Court immediately quash the Writ. Harthman counters that V.I. R. APP. P. 8 states that this Court should be the first Court to consider requests for stays of judgment and posting bonds. Harthman notes this has already happened in this case, when the Court declined to issue a stay of enforcement of the $4.89 billion, so FirstBank then moved on to present the motion to stay to the Supreme Court. Harthman argues that because the Supreme Court has not yet granted FirstBank the relief it has requested, FirstBank is effectively asking this Court to *sua sponte* reverse itself from the November 2, 2021 Opinion denying the stay and "usurp the authority" of the Supreme Court to quash the Writ. Harthman argues that if the Supreme Court wanted to stay execution, it would have done so.

V.I. R. APP. P. 8(b) reads as follows:

> Requests for a stay of the judgment or order of the Superior Court pending appeal, for approval of a supersedeas bond, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal in a civil case must ordinarily be made in the first instance to the Superior Court. When a matter is before the Superior Court, its rules respecting time periods, practices, and procedures apply. A motion for such relief may be made to the Supreme Court, but the motion shall show that application to the Superior Court for the relief sought is not practicable, or that the Superior Court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the Superior Court for its action. The motion shall also show the reasons

for the relief requested and the facts relied upon, and, if the facts are subject to dispute, the motion shall be supported by affidavits, other sworn statements or copies thereof, and documentation demonstrating ownership, liens or other encumbrances, and availability of resources offered as security. With the motion shall be filed such parts of the record as are relevant. An original and three copies of the motion and any accompanying documents shall be filed with the Supreme Court. Reasonable notice of the motion shall be given to all parties. The motion shall be filed with the Clerk of the Supreme Court and normally will be considered by a three Justice panel, but in exceptional cases where such procedure would be impracticable due to the requirements of time, the application will be decided by the Chief Justice of the Supreme Court.

The Court agrees with Harthman that it has already considered FirstBank's arguments to stay execution and enforcement of the Judgment pending appeal, and the Court performed the appropriate analysis and ultimately declined to issue the stay with respect to the $4.89 million Judgment entered in favor of Harthman.[13] As such, this Court has ruled and FirstBank has taken the appropriate procedural step, pursuant to V.I. R. App. P. 8, in now requesting the stay from the Supreme Court.[14] Although FirstBank's instant motion is requesting the Court quash the executed Writ, the effect of quashing the Writ would be to stay the execution and enforcement of the Judgment, something this Court has already considered. Just because the Supreme Court has not acted upon FirstBank's pending motion to stay enforcement of the Judgment does not mean it will not act, but it is not for this Court speculate how or when that may occur. Additionally, as Harthman mentions, if the Court were to quash the Writ, it would effectively be *sua sponte*

---

[13] To recap, the Court reasoned that the $1,364,073.05 in damages that the jury awarded for Parcel 17-E could ultimately be found to be excessive, so the Court opted to stay execution and enforcement on that portion of the Judgment. However, the Court determined that FirstBank was unlikely to succeed on its claims calling for overturning the damages awarded with respect to Parcel Nos. 17-B, 17-C, and 17-D because Harthman has already presented sufficient evidence to prove to the jury and the Court that it has not been in possession of the premises nor receiving rent payments. As such, the Court found that Harthman is due the $4.89 billion and declined to stay execution and enforcement of that portion of the Judgment.

[14] In an unpublished opinion on April 4, 2023, the V.I. Supreme Court stated, "Ordinarily, a motion for stay pending appeal must be considered by the Superior Court in the first instance. *See* V.I. R. App. P. 8(b). Although the Executive Branch filed such a motion, it has not yet been adjudicated by the Superior Court. Nevertheless, given the urgency of the matter, we consider the Executive Branch's motion notwithstanding the pendency of the stay motion in the Superior Court." *Bryan, Jr., et. Al. v. Water and Power Auth.*, S. Ct. Civ. No. 2023-0014 (Re: Super. Ct. No. ST-21-CV-361), at 2 n.2 (V.I. April 4, 2023).

reversing its decision from the November 2, 2021, Memorandum Opinion, an action that it finds no reason to take. Having previously ruled on the issue, the Court will deny FirstBank's motion to quash and order the OVIM to act upon the Writ, which was duly executed by the Clerk of the Court on January 24, 2023. [15]

### CONCLUSION

The Court will deny FirstBank's motion to quash the executed writ of execution. The Court finds that it has already denied FirstBank's request for a stay execution of the Judgment with respect to the $4.89 million, and there exists no good grounds to reverse itself. Accordingly, the Court will vacate the portion of the January 30, 2023, Order that prohibited OVIM from serving and enforcing the Writ and otherwise permit OVIM to fulfill its duties.

An order consistent herewith will immediately follow.

DATED: May 5 , 2023

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor 05 / 05 / 23

---

[15] Harthman makes additional arguments, which the Court finds unnecessary to consider given the Court has decided to deny FirstBank's motion to quash.